UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS DE'MON LAKE, | No. 2:23-cv-1518 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEREMY ROWE, | |
| Defendant. | |

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

In Claim One, plaintiff alleges that on July 7, 2022, defendant assaulted plaintiff by punching him maliciously as plaintiff stood, then tackled plaintiff to the ground with the intent to harm him. Defendant continued to punch plaintiff as he lay, fracturing his eye and mouth, and as plaintiff rolled under, defendant grabbed plaintiff's neck and began choking him. As plaintiff began to pass out, defendant stood up and kicked plaintiff in the face, breaking his tooth. Plaintiff sustained eye and nose fractures and his tooth was broken.

In Claim Two, plaintiff alleges that defendant Rowe violated the Ralph Civil Rights Act:

> My property was thrown in the garbage. I was threatened by other staff, and was not taken to the treatment and triage area because of the defendant's political affiliation. The defendant violated the code of conduct § 38030.3.2 in the operations manual by his malicious actions and § 33030.3 of the operations manual.

(ECF No. 1 at 4.)

Eighth Amendment Claim

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment[1] claim against defendant Jeremy Rowe. See 28 U.S.C. § 1915A.

////

////

////

---

[1] In addition to alleging an Eighth Amendment violation, plaintiff alleges Rowe's actions violated plaintiff's Fourteenth Amendment rights. (ECF No. 1 at 3.) However, such claim is subsumed by the Eighth Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).

Ralph Act Claim

For the reasons stated below, the court finds that the complaint does not state a cognizable Ralph Act claim against defendant. Such claim is dismissed with leave to amend.

The Ralph Civil Rights Act of 1976 ("Ralph Act"), California Civil Code § 51.7, guarantees "the right to be free from any violence, or intimidation by threat of violence" due to an individual's political affiliation. Cal. Civ. Code § 51.7(b)(1). There are four elements to a claim under § 51.7: (1) defendant committed or threatened to commit violent acts against plaintiff; (2) defendant was motivated by his perception of plaintiff's political affiliation; (3) plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff's harm. Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 880-81 (2007) (quoting former California Civil Jury Instruction (CACI) No. 30233); CACI No. 3063 (setting out elements of a claim under § 51.7).

Here, plaintiff alleges that defendant was motivated by his own political affiliation, not by plaintiff's political affiliation. Thus, it is unclear whether plaintiff can amend his complaint to state a cognizable Ralph Act claim against defendant. But in an abundance of caution, plaintiff is granted leave to amend. If plaintiff chooses to amend, he should set forth specific facts as to what defendant Rowe did that violated the Ralph Act. For example, plaintiff states his property was thrown in the garbage, but he does not identify Rowe as the person who did it. If plaintiff's Ralph Act claim is based on the use of excessive force alleged in claim one, plaintiff should so state.

In addition, under California law, the Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534 (Cal. 2004). Thus, to state a tort

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42, 68 Cal.Rptr.3d 295 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

1  claim against a public employee, a plaintiff must allege compliance with the Government Claims
2  Act.  Bodde, 32 Cal.4th at 1239, 13 Cal.Rptr.3d 534; Karim-Panahi v. Los Angeles Police Dep't,
3  839 F.2d 621, 627 (9th Cir. 1988).
4       Plaintiff's complaint does not address whether plaintiff filed a tort claim as required.
5  Plaintiff's Options
6       Plaintiff may proceed forthwith to serve defendant Rowe and pursue the Eighth
7  Amendment claim against him or plaintiff may delay serving defendant and attempt to state a
8  cognizable Ralph Act claim against defendant.
9       If plaintiff elects to attempt to amend his complaint to state a cognizable Ralph Act claim
10 against defendant, plaintiff has thirty days so to do.  He is not obligated to amend his complaint.
11      If plaintiff elects to proceed forthwith against defendant Rowe, against whom potentially
12 cognizable Eighth Amendment claims for relief are stated, then within thirty days plaintiff must
13 so elect on the appended form.  In this event the court will construe plaintiff's election as consent
14 to dismissal of the Ralph Act claim against the defendant without prejudice.
15      Plaintiff is advised that in an amended complaint he must clearly identify each defendant
16 and the action that defendant took that violated his constitutional rights.  The charging allegations
17 must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff
18 is presenting.
19      Any amended complaint must show the federal court has jurisdiction, the action is brought
20 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
21 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
22 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
23 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
24 of a constitutional right if he does an act, participates in another's act or omits to perform an act
25 he is legally required to do that causes the alleged deprivation).
26      A district court must construe a pro se pleading "liberally" to determine if it states a claim
27 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
28 opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is not granted leave to add new claims or new defendants to this action. Rather, plaintiff is granted leave to amend solely as to plaintiff's Ralph Act claim against defendant Rowe.

Plaintiff's Motion

On August 14, 2023, plaintiff filed a one page motion for summary judgment with two exhibits. (ECF No. 7.) Plaintiff's motion is premature. At this time, no defendant has been served or appeared in this action, and no discovery has yet taken place. Usually, motions for summary judgment are filed after discovery has closed. Plaintiff's motion is vacated without prejudice to renewal after discovery has closed following the issuance of a discovery and scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's Ralph Act claim against defendant Rowe is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable Ralph Act claim against defendant Rowe. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable Eighth Amendment claim against defendant Rowe. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective Ralph Act claim without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's motion (ECF No. 7) is premature and is vacated without prejudice.

Dated: August 28, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lake1518.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS DE'MON LAKE,<br><br>          Plaintiff,<br><br>     v.<br><br>JEREMY ROWE,<br><br>          Defendant. | No.  2:23-cv-1518 KJN P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with Eighth Amendment claims against defendant Rowe and consents to dismissal of the Ralph Act claim against defendant Rowe without prejudice.

**OR**

_____     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff